IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DALTON RUSH, | No. C 05-04143 CRB |
| Petitioner, | **ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| ANTHONY P. KANE, Warden, | |
| Respondent. / | |

State inmate, Robert Dalton Rush ("Petitioner"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was found guilty of second degree murder after a jury trial in San Bernardino County. Anthony P. Kane, the warden at the California Correctional Facility in Soledad ("Respondent"), filed a motion to dismiss, alleging that Petitioner had not exhausted two of his claims in state court. The two claims that Respondent contends were not exhausted are 1) that the Board relied on unconstitutionally vague language in its regulations in denying Petitioner parole, and 2) the Board has a policy of denying indeterminate prisoners parole because the "very make-up" of the Board "precludes its impartiality." (Resp't Motion at 4). In response, Petitioner filed an amended petition for a writ of habeas corpus which eliminates the first claim and incorporates his second claim into a "no parole" policy claim that has been exhausted in state court. (Opp. at 2). Respondent believes the petition still includes unexhausted claims and must be dismissed.

The motion to dismiss based on the first claim, that the Board relied on unconstitutionally vague language, is now moot.  Petitioner removed that section in its entirety from his amended memorandum of points and authorities.

In Petitioner's no parole policy claim in the petition for review by the California Supreme Court, Petitioner asserted; "the executive branch is failing to follow the statutory mandate that parole dates 'shall normally' be set . . . The denial of a parole date at the 2003 hearing is part of an unlawful practice of the Board to deny parole to virtually all life inmates . . . and frustrates the legislative mandate in *Penal Code* section 3041 that parole 'shall normally' be granted."  In  his original petition for habeas, Petitioner's central argument was that the make-up of the parole board precluded its impartiality.  That argument was not included in any claim presented to the California Supreme Court.

In Petitioner's amended memorandum of points and authorities, Petitioner changes his argument: he claims that it is the Governor's policy to deny parole to inmates.  The majority of his argument addresses the governor's no parole policy and how he has implemented this policy on the Board.  Petitioner, however, also includes language to the effect that the Board's political/employment history reveals a bias in favor of law enforcement and that the Board's composition is not diverse.  To the extent Petitioner still claims that he is entitled to habeas relief because of the composition of the Board, such claim is dismissed as unexhausted; the no parole policy claim, however, is still in the petition.

In reviewing Respondent's motion to dismiss, the Court has reviewed and scrutinized Petitioner's 27-page amended petition and 80-page amended memorandum.  To assist the Court with the evaluation of his petition, and to assist the Respondent in answering it, Petitioner is hereby ORDERED to prepare a summary, not to exceed five pages in length, which shall set forth: (1) each discrete basis for his entitlement to habeas relief, and (2) a concise, one-to-two-paragraph explanation of the legal foundation for each discrete claim.  Each claim petitioner is making shall be separately numbered.  Petitioner need not make arguments in support of the claims; he need only identify them.  This summary brief does not, of course, supplant the petition or the memorandum previously filed by the Petitioner;

1 instead, it will assist Respondent in answering the claims and the Court in deciding this
2 habeas petition. The summary shall be filed within 30 days of the date of this Order.
3    Respondent shall file, not later than forty-five (45) days after the filing of Petitioner's
4 summary brief, an answer conforming in all respects to Rule 5 of the Rules Governing
5 Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.
6 Respondent shall file with the answer a copy of all portions of the state trial and appellate
7 record that have been transcribed previously and that are relevant to a determination of the
8 issues presented by the petition. If the petitioner wishes to respond, he shall do so by filing a
9 traverse within thirty (30) days of his receipt of the answer.

10    **IT IS SO ORDERED.**

12 Dated: March 16, 2007                     CHARLES R. BREYER
                                              UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\4143\orderredismissalandsummary.wpd